# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

**JIMMY DALE HURD, II,**  )
                                                )
          Petitioner,      )
                                                )
v.                                          )    **Case No. CIV 12-118-FHS-KEW**
                                                )
**CLAUDE CHESTER, Warden,**      )
                                                )
          Respondent.     )

## **OPINION AND ORDER**

This action is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus as barred by the statute of limitations. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Lawton Correctional Facility in Lawton, Oklahoma, attacks his conviction and sentence in Carter County District Court Case Number CF-2003-439 for Assault and Battery with a Dangerous Weapon, After Two Prior Felony Convictions.

The respondent alleges the petition is unexhausted, and it was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d) (AEDPA). Section 2244(d) provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

    The record shows that on May 26, 2004, petitioner entered a guilty plea to Count 1 of an Amended Information alleging he committed the offense of Assault and Battery with a Dangerous Weapon, after two prior felonies. Judgment and Sentence was entered on June 10, 2004, but that document failed to state that the sentence was enhanced by petitioner's two prior felonies. His conviction became final on June 21, 2004, ten days after entry of his Judgment and Sentence, as he did not perfect a direct appeal.[1] *See* Rule 2.5(A), *Rules of the Court of Criminal Appeals*, Okla. Stat. tit. 22, ch. 18., App. He, therefore, had one year until June 21, 2005, to file his federal habeas petition.

    On September 14, 2010, he filed an application for post-conviction relief that was denied on December 3, 2010. The Oklahoma Court of Criminal Appeals affirmed the trial court's decision, finding his claims were procedurally barred. *Hurd v. State*, No. PC-2010-1236, slip op. at 4-5 (Okla. Crim. App. Apr. 18, 2011). The post-conviction action did not toll the limitations period, because it was commenced after the one-year period had expired. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (citing 28 U.S.C. § 2244(d)(2)). On March 14, 2012, he filed this petition for a writ of habeas corpus, well beyond the deadline as set forth in the AEDPA.

    Petitioner argues in his response to the motion to dismiss that the limitations period should be equitably tolled, because his attorney advised him not to go to trial, but to accept the plea offer to the Amended Information with his prior felonies. Counsel also allegedly failed to advise him of the pro and cons of an appeal, and did not ascertain whether petitioner wanted to withdraw the plea or to challenge the manner in which the court entered Judgment

---

[1] Counting only calendar days, the conviction became final on June 20, 2004. Because that day was a Sunday, the next business day of June 21 is the date the conviction was final. *See* Okla. Stat. tit. 25, § 82.1.

and Sentence.  He claims he was not even aware of his habeas claims until the time for filing an appeal had elapsed.

Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances."  *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). "[I]t is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'"  *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)), *cert. denied*, 531 U.S. 1194 (2001).

The record shows petitioner was informed of his right to appeal, and he signed his plea agreement acknowledging he understood his appeal rights and the sentence imposed. (Docket No. 1-1 at 7-10).  The transcript of petitioner's sentencing hearing also clearly shows the trial court advised him of the process for filing a request to withdraw his plea, filing an appeal with the Court of Criminal Appeals, and the consequences of filing an application for post-conviction relief.  (Docket No. 10-3 at 2).

The court finds that petitioner has failed to specify any steps he took to diligently pursue his federal claims.  *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Furthermore, there is no evidence that he is actually innocent of the charges of which he stands convicted, or that other uncontrollable circumstances impeded him from timely filing his habeas petition.  *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).  Therefore, his habeas corpus claims are barred by the one-year statute of limitations.

**ACCORDINGLY,** respondent's motion to dismiss time barred petition [Docket #9] is GRANTED, and this action is, in all respects, DISMISSED.

IT IS SO ORDERED this 12th day of February, 2013.

Frank H. Seay
United States District Judge

3